# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| **Roy J. Lee,** Plaintiff -vs- **Joseph M. Arpaio, et al.,** Defendants | CV-10-0965-PHX-NVW (JRI) **ORDER** |
|---|---|

This case is designated a Prisoner Civil Rights Action, and is governed by Local Rule of Civil Procedure 16.2(b)(2).

**Presumptive Deadlines And Limitations on Discovery** - The Plaintiff's Amended Complaint (Doc. 12) was filed on **August 10, 2010**. The Service Order (Doc. 13) was filed on **August 18, 2010**. Pursuant to Local Rule of Civil Procedure 16.2(b)(2)(B), the presumptive maximum service date is **December 9, 2010** (the later of 120 days from the filing date or 60 days from the service Order date), the presumptive discovery cut-off date is **May 9, 2011** (150 days from the maximum service date), and the presumptive dispositive motion/proposed pretrial order deadline is **June 8, 2011** (180 days after the maximum service date). The Court will, however, adopt a tailored schedule for this case.

In addition, this case is subject to the presumptive limitations on discovery set forth in the Federal Rules of Civil Procedure.

**Application of Disclosure and Pretrial Management Rules** - The December 1, 2000 amendments to Rule 26, Federal Rules of Civil Procedure exempt prisoner's civil rights cases, such as this one, from the requirements of discovery plans, disclosures, etc. However, Rule 26(f) provides for pretrial management, including preparation of a discovery plan, when "otherwise ordered." The Court finds no basis at this time to order compliance with the initial and continuing disclosure requirements of Rule 26(a) and (e), but does find that

1  presentation of a discovery plan will be of assistance to the Court and the parties.

**IT IS THEREFORE ORDERED** the following schedule shall apply in this case:

1. **Plaintiff's Deposition**: Defendants may take Plaintiff's deposition, if they choose, no later than **June 29, 2011**.

    1.1  Leave of Court for the taking of such deposition is granted pursuant to Rule 30(a)(2), Federal Rules of Civil Procedure. The deposition may be taken by telephone at the option of defendants.

2. **Disclosures of Expert Testimony:** No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition.

    2.1  Plaintiff shall disclose all expert witnesses and their Rule 26(a)(2)(B) Reports by **May 16, 2011**.

    2.2  Defendants shall disclose all expert witnesses and their Rule 26(a)(2)(B) Reports by **May 30, 2011**.

3. **Discovery Requests:** All requests for discovery shall be served by **July 29, 2011**.

    3.1  No discovery requests may be submitted after this date except by stipulation of the parties or by Court order for good cause shown.

    3.2  Responses to discovery must be served within the time provided by the rules unless the parties stipulate otherwise.

    3.3  **Limits on Discovery:** Discovery requests shall be limited to the following:

    (a)  Interrogatories: No more than 25 (including subparts) by each party to any other party. Fed.R.Civ.P. 33(a).

    (b)  Requests for Production of Documents: No more than 15 from each party to any other party.

      (c)    Requests for Admission: No more than 10 from each party to any other party.

      (d)    Depositions: Because of the logistical problems involved, self-represented incarcerated persons may not take depositions without prior Court permission. Such permission will not be granted except upon a showing of exceptional circumstances. Requests for such depositions shall reflect an ability to pay the costs of taking such deposition.

      (e)    Pursuant to Federal Rule of Civil Procedure 5(d), the parties are **not** to file with the Court their: (a) disclosures or (b) discovery requests and responses for (i) depositions, (ii) interrogatories, (iii) requests for document or to permit entry upon land, and (iv) requests for admission. Instead, the parties shall file notices of service of such documents pursuant to Local Rule of Civil Procedure 5.2.

This enumeration is not intended to relieve the parties from complying with other limits on discovery applicable under the Federal Rules of Civil Procedure.

4. **Discovery and Disclosure Motions**: All motions regarding discovery and disclosure shall be filed by **August 29, 2011**.

    4.1    The court will not entertain motions to compel discovery or disclosure, motions for sanctions, motions for protective orders, or the like unless and until there has been compliance with the following procedure. Prior to bringing any such motions, **the parties must**:

      (a)    Confer in good faith, in person, or by telephone, and attempt to resolve the dispute. Rule 37(a), Federal Rules of Civil Procedure; Local Rule of Civil Procedure 7.2(j).

      (b)    If the dispute remains unresolved, the parties must arrange and participate in a telephonic conference with the undersigned judge. To do so, either party may submit a request specifying

the results of the conference between the parties and the matters remaining in dispute.

Failure to comply with this procedure prior to filing such motion will generally result in the motion being stricken.

5. **Motions to Join or Amend:** All motions to join parties or to amend pleadings shall be filed by **May 30, 2011**.

6. **Dispositive Motions:** All dispositive motions, e.g. motions to dismiss, motions for summary judgment, etc., shall be filed by **September 27, 2011**.

7. **Pretrial Motions:** All other pretrial motions, other than motions in limine, shall be filed by **October 27, 2011**.

   7.1 In the event one or more dispositive motions is filed, the pretrial Motions shall be filed within 30 days of the filing of the court's ruling on the last dispositive motion that does not dispose of the case.

8. **Joint Pretrial Statement and Proposed Order:** The parties shall lodge a joint pretrial statement and proposed order, on or before **October 27, 2011**.

   8.1 In the event one or more dispositive motions is filed, the joint pretrial statement and proposed pretrial order shall be lodged within 30 days of the filing of the court's ruling on the last dispositive motion that does not dispose of the case.

   8.2 Defendants are responsible for initiating the drafting and submission of the joint pretrial statement and proposed pretrial order in the form prescribed by the assigned trial judge. (*See www.azd.uscourts.gov/azd/contacts.nsf/Orders?openview* for examples of specific forms of order for various trial judges.)

The parties are put on notice that the foregoing schedule shall not be modified except upon a showing of good cause and by leave of court. Rule 16(b), Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the parties comply with Rule 26(f), Federal Rules of Civil Procedure, by meeting or conducting a telephone conference **within 28 days of the**

**filing of this Order**, and shall submit to the Court their **Joint** Discovery Plan/Rule 26(f) Planning Meeting Report on or before **May 2, 2011**.

**IT IS FURTHER ORDERED** that the Joint Discovery Plan/Rule 26(f) Planning Meeting Report shall reflect the results of their conference and shall outline their discovery plan. The report shall include individually numbered brief statements indicating:

A.  The nature of the case: the factual and legal basis of Plaintiffs' claims and Defendants' defenses.

B.  The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.

C.  The jurisdictional basis of the case citing specific statutes.

D.  The parties, if any, that have not been served, or have been served and have not yet appeared and answered.

E.  Whether there are dispositive or partially dispositive issues to be decided by pretrial motions.

F.  The status of related cases pending before this court or before other courts.

G.  Whether the parties would benefit from the Court ordering compliance with the rules for disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure, despite the applicable exemption. If so, the reasons therefor, and a proposed deadline for initial disclosures to be made.

H.  A statement of all outstanding discovery requests, and the estimated time when response will be made.

I.  A statement of all expected discovery requests, and a schedule for when they are expected to be made and when responses are expected to be made.

J.  Proposed revised limits on discovery. Any such proposed revisions will explain why the presumptive limits are not appropriate.

K.  Proposed revised deadlines for:
    (1) filing motions to amend pleadings and motions to join additional parties;

      (2)     disclosure of expert testimony under Rule 26(a)(2)(C), Federal Rules of Civil Procedure;

      (3)     serving discovery requests;

      (4)     filing discovery/disclosure motions

      (5)     filing dispositive motions; and

      (6)     filing a proposed joint pretrial order.

Any such proposed revisions will explain why the presumptive deadlines are not appropriate.

   L.     Estimated length of trial.

   M.     Whether a jury trial has been requested.

   N.     The prospects for settlement. Does any party wish to have a settlement conference with another Magistrate Judge? How can settlement efforts be assisted?

   O.     Any unusual, difficult, or complex problems affecting the conduct of the case.

   P.     Any other matters which the parties believe will aid in expediting the disposition of this matter efficiently.

After the filing of the Joint Discovery Plan/Rule 26(f) Planning Meeting Report, the court will enter an order either amending this Scheduling Order or advising the parties that this Scheduling Order is to remain in effect unchanged.

Defendants are responsible for initiating the conference between the parties, and for drafting and submission of the Joint Discovery Plan/Rule 26(f) Planning Meeting Report. In timing their efforts to comply, Defendants are cautioned to account for the practical difficulties encountered in communicating with incarcerated persons, and the time required for them to receive and process paperwork.

DATED: March 7, 2011

S:\Drafts\OutBox\10-0965-o Order 11 02 28 re Schedule.wpd

                                    JAY R. IRWIN
                                    United States Magistrate Judge