WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY'S OFFICE

By:   RANDALL R. GARCZYNSKI
       State Bar No. 023223
       garczynskir@mail.maricopa.gov
       J. SCOTT DUTCHER
       State Bar No. 026174
       dutchers@mail.maricopa.gov
       Firm No. 0003200

Security Center Building
222 N. Central Ave., Ste. 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
ca-civilmailbox@mcao.maricopa.gov

Attorney for Gonzalez & Irby

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy J. Lee,<br><br>       Plaintiffs,<br><br>v.<br><br>Sheriff Joseph M. Arpaio, et al.,<br><br>       Defendants. | NO. CV10-965-PHX-NVW (JRI)<br><br>**DEFENDANTS GONZALEZ, IRBY AND ARPAIO'S SEPARATE DISCOVERY PLAN/RULE 26(f) PLANNING MEETING REPORT** |

Defendants Gonzalez, Irby and Arpaio by and through undersigned counsel, hereby submit Defendants' Separate Discovery Plan/Rule 26(f) Planning Report pursuant to the Court's March 8, 2011 Court Order (Dkt. #56). The parties met telephonically and conferred on April 4, 2011.  On April 6, 2011 undersigned counsel for Defendants Gonzalez and Irby forwarded Plaintiff a copy

of the parties' joint discovery plan for his review. (*See* copy of April 6, 2011 letter attached hereto as Exhibit A). Defendants received no response from Plaintiff. On April 25, 2011, undersigned counsel for Defendants Gonzalez and Irby forwarded a second copy of the parties' joint discovery plan for his review and requested that Plaintiff review the discovery plan. (*See* copy of April 25, 2011 letter attached hereto as Exhibit 2). As of today, Defendants have not received a response from Plaintiff. Therefore, Defendants Arpaio, Gonzalez and Irby hereby submit a Separate Discovery Plan.

**A. The nature of the case:**

    **a. Plaintiff's Factual Basis of Claims:**

On November 12, 2008, during a search of Plaintiff's cell, Defendants Irby and Gonzalez removed personal property from Plaintiff's cell, including dental prosthesis (i.e. false teeth and bridgework) and failed to take any action to recover same. Defendant Arpaio had knowledge of this conduct and condones and encourages such harassment and abusive treatment.

    **b. Plaintiff's Legal Basis of Claims:**

The actions of Defendants amount to deliberate indifference to Plaintiff's medical care and treatment in violation of his constitutional rights.

    **c. Defendants Gonzalez, Irby and Arpaio's Defenses:**

Defendants Gonzalez, Irby and Arpaio dispute the alleged conduct and demand Plaintiff meet his burden of proof thereon.

**B. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions.**

1. Did Plaintiff have a dental prosthesis while in custody?

2. Did the Defendants act with deliberate indifference and deprive the Plaintiff of his constitutional rights?

3. What, if any, are the damages suffered by the Plaintiff as a result of the acts or omissions of the Defendants?

Defendants assert that it is very unlikely that these issues can be narrowed by stipulation or motion. However, subject to further discovery, Defendants' position may change, at least as to item number one (1).

**C. The jurisdictional basis of the case citing specific statutes.**

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331. Plaintiff alleges federal causes under 42 U.S.C. § 1983.

**D. The parties, if any, that have not been served, or have been served and have not yet appeared and answered.**

None.

**E. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions.**

None at this time. However, Defendants assert that subject to further discovery, Defendants may file a Motion for Summary Judgment.

**F. The status of related cases pending before this court or before other courts.**

None.

**G. Whether the parties would benefit from the Court ordering compliance with the rules for disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure, despite the applicable exemption. If so, the reasons therefor, and a proposed deadline for initial disclosures to be made.**

No. Discovery is proceeding on material issues.

**H. A statement of all outstanding discovery requests, and the estimated time when response will be made.**

Defendants Gonzalez and Irby have requested identification of dental and medical health care providers along with signed medical authorizations. Plaintiff has agreed to provide releases for these dental and medical health care providers. Plaintiff's responses to formal discovery were due on April 1, 2011. However, Defendants have agreed to allow Plaintiff to provide executed releases within one (1) week. Once Defendants have received the executed releases, Defendants estimate that it will be an additional thirty (30) to forty-five (45) days to receive the requested medical records, with the exception of two (2) dentists that Plaintiff had seen in Mexico, which may take ninety (90) days.[1]

**I. A statement of all expected discovery requests, and a schedule for when they are expected to be made and when responses are expected to be made.**

The parties will need to contact current and former inmates who Plaintiff alleges can verify Plaintiff's allegations. The parties will have follow-up discovery after reviewing the dental/medical records from Plaintiff's private health care

---

[1] As of the date of this filing, Defendants have not received any of the releases which Plaintiff verbally agreed to provide during the April 4, 2011 telephonic conference.

providers, as well as Plaintiff's Arizona Department of Corrections and Correctional Health Services medical records.

The parties estimate that this may take ninety (90) to one-hundred (120) days to complete.

**J. Proposed revised limits on discovery.  Any such proposed revisions will explain why the presumptive limits are not appropriate.**

None.

**K. Proposed revised deadlines for:**

    **1) Filing motions to amend pleadings and motions to join additional parties;**

None.  The parties agree to the deadline outlined in the Court's March 8, 2011 Order (Dkt. #56).

    **2) Disclosure of expert testimony under Rule 26(a)(2)(C), Federal Rules of Civil Procedure;**

None.  The parties agree to the deadline outlined in the Court's March 8, 2011 Order (Dkt. #56).

    **3) Serving discovery requests;**

None.  The parties agree to the deadline outlined in the Court's March 8, 2011 Order (Dkt. #56).

    **4) Filing discovery/disclosure motions;**

None.  The parties agree to the deadline outlined in the Court's March 8, 2011 Order (Dkt. #56).

**5) Filing dispositive motions; and**

None. The parties agree to the deadline outlined in the Court's March 8, 2011 Order (Dkt. #56).

**6) Filing a proposed joint pretrial order.**

None. The parties agree to the deadline outlined in the Court's March 8, 2011 Order (Dkt. #56).

**Any such proposed revisions will explain why the presumptive deadlines are not appropriate.**

**L. <u>Estimated length of trial.</u>**

The parties estimate four (4) to five (5) days of trial, inclusive of jury selection, openings and closings.

Plaintiff intends to call three (3) to five (5) lay witnesses and three (3) to five (5) medical witnesses and himself.

Defendants intend to call Officer Irby, Gonzalez, two (2) to three (3) medical witnesses, and a Maricopa County Sheriff's Office ("MCSO") expert on MCSO policy and procedure.

**M. <u>Whether a jury trial has been requested.</u>**

Plaintiff has requested a jury trial.

…
…
…
…

**N. <u>The prospects for settlement.  Does any party wish to have a settlement conference with another Magistrate Judge?  How can settlement efforts be assisted?</u>**

Yes.  The parties agree to a settlement conference with a Magistrate Judge.  However, the settlement conference should not be held until after the parties receive medical records of Plaintiff.[2]

**O. <u>Any unusual, difficult, or complex problems affecting the conduct of the case.</u>**

Yes.  Defendants assert that two (2) of the dentists that treated Plaintiff are located in Mexico. Therefore, obtaining records and/or testimony may be difficult or impossible.

Additionally, Plaintiff is scheduled to be released from ADOC on September 24, 2012, so appropriate orders by the court would be necessary for Plaintiff's attendance at trial.

**P. <u>Any other matters which the parties believe will aid in expediting the disposition of this matter efficiently.</u>**

None.

**RESPECTFULLY SUBMITTED** this  2nd   day of May, 2011.

                WILLIAM G. MONTGOMERY
                MARICOPA COUNTY ATTORNEY'S OFFICE

           BY: /s/Randall R. Garczynski
               RANDALL R. GARCZYNSKI
               J. SCOTT DUTCHER
               *Attorneys for Defendants Gonzalez & Irby*

---

[2] Defendants have yet to receive releases for medical records from Plaintiff.

```
                    WILLIAM G. MONTGOMERY
                    MARICOPA COUNTY ATTORNEY'S OFFICE

                    BY: /s/Peter Muthig
                        PETER MUTHIG
                        S. LEE WHITE
                        Attorneys for Defendant Arpaio
```

ORIGINAL of the foregoing **E-FILED** this
 2nd  day of May, 2011 with automatically
generated **E-COPIES** to:

Honorable Neil V. Wake
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 524
401 W. Washington St., SPC 52
Phoenix, AZ 85003

Honorable Jay R. Irwin
Magistrate Judge
United States District Court
325 W. 19th St.
Yuma, AZ 85364

and COPIES mailed to:

Roy J. Lee, #183123
ASPC – Phoenix West
P.O. Box 18640
Phoenix, AZ 85005-8640
*Plaintiff Pro Per*

Peter Muthig, Esq.
S. Lee White, Esq.
Maricopa County Attorney's Office
Civil Services Division
222 N. Central Ave., Ste. 1100
Phoenix, AZ 85004
*Attorney for Defendant Arpaio*

/s/Grace Naranjo

S:\COUNSEL\Civil\Matters\General Litigation\2010\T\Lee, Roy - T10-0157\Pleadings\Defendants Discovery Plan 050211.docx